# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|                Plaintiff, | ) | |
| vs. | ) | No. 11-03061-02-CR-S-RED |
| DERRICK HAGGARD, | ) | |
|                Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

On July 21, 2011, a 59-count indictment was returned against 8 defendants, alleging conspiracy, bank fraud and identity theft. On July 21, 2011, defendant Derrick Haggard made his initial appearance (Doc. 4), and on July 25, 2011, made his initial appearance with counsel, at which time a detention hearing was held in the matter. (Doc. 32) On August 2, 2011, an Order of Detention was entered by the Court. In that order, it was noted that the defendant had three prior controlled substance convictions; supervised release violations, and a pending charge for distribution, delivery and manufacture of methamphetamine. On August 17, 2011, the last of the defendants made an initial appearance, (Doc. 69) and she made her initial appearance with counsel on August 25, 2011. (Doc. 78) Thereafter, an order setting a pretrial conference was entered (Doc. 80), and the matter was set for trial on the Joint Criminal Jury Trial Docket on October 24, 2011. On September 27, 2011, a motion to continue was filed by defendant Dietrich Haggard (Doc. 82), and on September 28, 2011, the motion was granted. The matter was reset for jury trial to commence on January 9, 2012. In that order, the Court found that because additional time was needed for discovery and investigation, the ends of justice in granting the

continuance outweighed the best interests of the public and the defendant in a speedy trial. Under Title 18, United States Code, Section 3161 (7)(A), the time was therefore excludable. There was no objection to that order and no request for review by the district court was made.

Title 18, United States Code, Section 3161(h)(6) provides for exclusion of time under the Speedy Trial Act for a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted. No motion for severance has been granted in this case. It is therefore clear that defendant's speedy trial rights have not been violated and counsel's decision not to file a motion to dismiss was not a refusal to defend or failure to properly represent the defendant. It is therefore

RECOMMENDED that the Defendant's *pro se* Motions to Dismiss (Docs. 111 and 112) be denied.

    /s/ *James C. England*
JAMES C. ENGLAND
United States Magistrate Judge

Date: December 23, 2011